IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN RE<br><br>CUZCO DEVELOPMENT U.S.A., LLC,<br><br>Reorganized Debtor.<br><br>_____<br><br>CUZCO DEVELOPMENT U.S.A., LLC,<br><br>Plaintiff,<br><br>vs.<br><br>JCCJO HAWAII, LLC,<br><br>Defendant. | Civ. No. 16-00632 JMS-KSC<br><br>ORDER DENYING JOINT MOTION TO VACATE ORDER AND JUDGMENT (ECF NO. 25) |

**ORDER DENYING JOINT MOTION TO VACATE ORDER AND JUDGMENT (ECF NO. 25)**

**I. BACKGROUND**

On May 3, 2017, this court reversed an order of the Bankruptcy Court in an adversary proceeding involving the avoidance of a lease between Cuzco Development U.S.A., LLC ("Cuzco") and JCCHO Hawaii, LLC (the "May 3 Order"). ECF No. 14; *In re Cuzco Dev. U.S.A., LLC*, 2017 WL 3000024 (D. Haw. May 3, 2017).

1

Cuzco appealed this court's May 3 Order to the Ninth Circuit. With the assistance of the Ninth Circuit mediator, the parties settled. And as part of that settlement, the parties dismissed the appeal and agreed jointly to request this court to vacate the May 3 Order and subsequent judgment. Joint Motion to Vacate Order and Judgment ("Joint Motion") at 3, ECF No. 25. That Joint Motion is now before the court.[1]

For the reasons set forth below, the motion is DENIED.

## II. ANALYSIS

The Joint Motion appears to make two arguments. First, it claims that the settlement requires the parties to seek vacatur as part of the negotiated resolution of the case. Joint Motion at 3. Second, it states that the issue addressed in the May 3 Order — the avoidance of a lease — "will not be re-litigated by anyone else." *Id.* at 6. After balancing the equities involved, the court finds that the parties have failed to provide a sufficient basis to vacate the May 3 Order.

The first justification, that the parties seek a vacatur based on their settlement, was rejected by the Supreme Court's holding in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994). The Court first drew a clear distinction between a party unable to seek appellate review based on "mootness by happenstance" and mootness by settlement:

---

[1] The factual background to the controversy and the court's full analysis are set forth in the May 3 Order and are not repeated here.

> A party who seeks review of the merits of an adverse ruling, but is frustrated by the vagaries of circumstance, ought not in fairness be forced to acquiesce in the judgment. The same is true when mootness results from unilateral action of the party who prevailed below. Where mootness results from settlement, however, the losing party has voluntarily forfeited his legal remedy by the ordinary processes of appeal or certiorari, thereby surrendering his claim to the equitable remedy of vacatur. The judgment is not unreviewable, but simply unreviewed by his own choice.

*Id.* at 25 (internal footnote and citations omitted). In reaching its decision, the Court specifically considered and largely rejected the policy argument that a vacatur encourages settlement:

> A final policy justification urged by petitioner is the facilitation of settlement, with the resulting economies for the federal courts. But while the availability of vacatur may facilitate settlement after the judgment under review has been rendered and certiorari granted (or appeal filed), it may *deter* settlement at an earlier stage. *Some* litigants, at least, may think it worthwhile to roll the dice rather than settle in the district court, or in the court of appeals, if, but only if, an unfavorable outcome can be washed away by a settlement-related vacatur. And the judicial economies achieved by settlement at the district-court level are ordinarily much more extensive than those achieved by settlement on appeal. We find it quite impossible to assess the effect of our holding, either way, upon the frequency or systemic value of settlement.

*Id*. at 27-28 (emphasis in original). In fact, the Court concluded that the exceptional circumstances that may call for vacatur at the appellate level "do not

include the mere fact that the settlement agreement provides for vacatur. . . ." *Id.* at 29.

The court recognizes, however, that in the Ninth Circuit *Bonner Mall* applies only to motions to vacate before appellate courts — that is, a different rule applies to a Rule 60(b) motion to vacate before a district court. *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164 (9th Cir. 1998), held that district courts should continue to employ the pre-*Bonner Mall* test articulated in *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters*, 686 F.2d 720, 722 (9th Cir. 1992). This test requires a district court to balance equities, including "the consequences and attendant hardships of dismissal or refusal to dismiss," the "competing values of finality of judgment and right to relitigation of unreviewed disputes," the "motives of the party whose voluntary action mooted the case," and the public policy against allowing a losing party to "buy an eraser for the public record." *American Games*, 142 F.3d at 1168, 1170.

And in applying this test, "the distinction between mootness caused by happenstance versus that caused by voluntary legal action taken by the party seeking vacatur remains as the pivotal threshold question in determining the propriety of vacatur by the district court." *Visto Corp. v. Sproqit Techs., Inc.* 2006 WL 3741946, at *5 (N.D. Cal. Dec. 19, 2006). The Ninth Circuit has recognized this principle, stating that "a district court is not required to vacate a judgment

4

pursuant to settlement because, otherwise, any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books." *Bates v. Union Oil Co. of Cal.*, 944 F.2d 647, 650 (9th Cir. 1991) (internal quotation marks omitted).

The Joint Motion's second rationale, that the avoidance issue addressed in the May 3 Order "will not be re-litigated by anyone else," fares no better. Although the avoidance issue will not be re-litigated as to this specific property and these specific parties, it may well be litigated in other proceedings regarding other properties and other parties. The court's May 3 Order will, at a minimum, provide guidance to future litigants. *See, e.g., Reynolds v. Allstate Ins. Co.*, 2012 WL 4753499, at *2 (N.D. Cal. Oct. 4, 2012) (denying motion for vacatur in part because "[t]he interpretation of the exclusion in Allstate's insurance policy may arise again with different litigants"); *Chartis Specialty Ins. Co. v. Queen Anne HS, LLC*, 2012 WL 3780345, at *3 (W.D. Wash. Aug. 31, 2012) (denying motion for vacatur in part because "[o]nly Chartis has an interest in vacating the April 4 order, whereas the public has an interest in it as persuasive authority").

The court determines that vacatur of the May 3 Order is not warranted under the equitable balancing test.

///

///

## III. CONCLUSION

For the reasons stated herein, the Joint Motion is DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, March 27, 2018.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*In re Cuzco Development U.S.A. LLC*, Civ. No. 16-00632 JMS/KSC, Order Denying Joint Motion to Vacate Order and Judgment (ECF No. 25)